IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**PATRICIA HARRIS**                                                        **PLAINTIFF**

vs.                                        No. 4:19-cv-4145-SOH

**CITY OF BRADLEY, ARKANSAS**                               **DEFENDANT**

## <u>ORIGINAL COMPLAINT</u>

COMES NOW Plaintiff Patricia Harris ("Plaintiff") by and through her attorneys Blake Hoyt, Joshua West and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendant City of Bradley, Arkansas ("Defendant"), does state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiff a lawful minimum wage for all hours worked.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect within the Texarkana Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendant is a municipality in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to minimum wage violations alleged in this Complaint reside in this District.

9. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Lafayette County.

12. Defendant may receive service of process through its mayor, Jason Martin, at 410 Pullman Avenue, Bradley, Arkansas 71826.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendant is a municipality in the State of Arkansas.

15. Defendant was at all relevant times an "employer" within the meaning set forth in the FLSA.

16. Defendant was at all relevant times an "employer" within the meaning set forth in the AMWA.

17. Plaintiff was employed by Defendant as the city mayor within the three years preceding the filing of this Original Complaint.

18. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

19. Plaintiff regularly worked approximately twenty (20) hours per week throughout her tenure with Defendant.

20. Plaintiff was classified as a salaried employee and paid a salary of $600.00 per month.

21. A salary of $600.00 per month for an employee working approximately twenty (20) hours per week results in a regular hourly rate of approximately $6.82, according to the following formula:  $600.00 / 4.4 (weeks per month) / 20 hours per week = $6.82 per hour.

22. Plaintiff's salary was not sufficient to warrant an exemption under the FLSA. Therefore, Defendant had a duty to ensure Plaintiff was paid a lawful minimum wage for all hours worked.

23. Plaintiff was not paid her monthly salary for multiple months during the course of her employment as mayor.

24. During each month that Plaintiff was paid her salary and in each month in which Plaintiff was not paid her salary, she worked hours such that her effective hourly rate was or would have been less than the legal minimum wage.

25. During a portion the time Defendant employed Plaintiff, Defendant was unable to pay some or all of Plaintiffs wages. Plaintiff entered into an agreement with Defendant to defer payment of those wages while Defendant improved its financial condition.

26. Plaintiff requested payment of the deferred wages and Defendant refused to pay the full amount owed.

27. Defendant failed to keep accurate records of Plaintiff's hours worked.

28. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA and AMWA.

## V.     FIRST CLAIM FOR RELIEF

### (Claim for Violation of the FLSA)

28. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

29. 29 U.S.C. § 206 requires employers to pay employees an hourly minimum wage for all hours that the employee works each week.  29 U.S.C.S. § 206.

30. Defendant violated Section 206 by not paying a wage equal to the then current minimum wage of $7.25 per hour for all hours worked.

31. Defendant has in fact not paid Plaintiff at all for numerous months' worth of work.

32. During the months for which Plaintiff did receive her salary amount, her regular hourly rate was approximately $6.82, which is less than the lawful minimum wage.

33. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

34. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA.

35. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    SECOND CLAIM FOR RELIEF

### (Claim for Violation of the AMWA)

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

38. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

39. Arkansas Code Annotated § 11-4-210 requires employers to pay all employees a minimum hourly wage for all hours worked in a week, unless an employee

meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

40. Defendant failed to pay Plaintiff the lawful minimum wages of $8.00 per hour in 2016 and $8.50 per hour in 2017 and 2018 that are owed to her, as required under the AMWA.

41. Defendant has in fact not paid Plaintiff at all for numerous months' worth of work.

42. During the months for which Plaintiff did receive her salary amount, her regular hourly rate was approximately $6.82, which is less than the applicable lawful minimum wage.

43. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

44. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, costs, and a reasonable attorney's fee, as provided by the AMWA for all violations which occurred beginning at least three years preceding the filing of this Original Complaint, plus periods of equitable tolling.

45. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Patricia Harris respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff, and the Court for all of the hours worked by Plaintiff and all monies paid to her;

B. A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and related regulations*.;*

C. A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

D. Judgment for damages for all unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and related regulations*;*

E. Judgment for damages for all unpaid wages under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and related regulations;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and related regulations, in an amount equal to all unpaid wages owed to Plaintiff during the applicable statutory period;

G. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid wages owed to Plaintiff during the applicable statutory period;

H. An order directing Defendant to pay Plaintiff pre-judgment interest, a reasonable attorney's fee and all costs connected with this action; and

I. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF PATRICIA HARRIS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com