IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PATRICIA HARRIS                                                                           PLAINTIFF

v.                                         Case No. 4:19-cv-4145

CITY OF BRADLEY, ARKANSAS                                                 DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Dismiss. (ECF No. 10). Plaintiff has filed a response. (ECF No. 14). The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiff Patricia Harris served as the duly elected mayor for Defendant, the City of Bradley, Arkansas, from August 2016 through December 2018. Plaintiff brought this action on November 22, 2019, alleging that she was not paid minimum wage during her tenure as mayor, in violation of the Fair Labor Standards Act 29 U.S.C. § 201, et seq. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. ("AMWA").

On December 31, 2019, Defendant filed its First Motion to Dismiss, moving to dismiss Plaintiff's FLSA and AMWA claims. However, on January 14, 2020, Plaintiff filed an amended complaint alleging additional state-law claims for breach of contract, unjust enrichment and promissory estoppel. Accordingly, the Court denied the First Motion to Dismiss as moot.

On January 29, 2020, Defendant filed the instant Motion to Dismiss, arguing that the Court should dismiss Plaintiff's FLSA claim and decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. Plaintiff has responded to the motion.

# LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept as true all factual allegations set forth in the complaint, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

Defendant argues that Plaintiff's FLSA claim should be dismissed because as the mayor of Bradley, Arkansas, Plaintiff was exempt from FLSA minimum wage requirements. Defendant further argues that once Plaintiff's FLSA claim is dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. The Court will first address Plaintiff's FLSA claim. Then, if necessary, the Court will determine whether to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

**I. The FLSA Claim**

The FLSA requires employers to pay employees an hourly minimum wage for all hours that the employee works each week. *See* 29 U.S.C. § 206. The FLSA defines the term "employee" to mean "any individual employed by an employer." 29 U.S.C. § 203(e)(1). While this protection extends to "any individual employed by a State, political subdivision of a State, or an interstate governmental agency," it specifically excludes any "individual—who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and who holds a public elective office of that State, political subdivision, or agency. *Id.* §§ 203(e)(2)(C)(i)-(ii); *see also* 29 U.S.C. § 203(e)(2)(C)(i); 29 U.S.C. § 203(e)(4).

In the instant case, it is undisputed that Plaintiff served as the elected mayor of Bradley, Arkansas, which according to the United States Census Bureau has a population of 628.[1] Under

---

[1] Although a Rule 12(b)(6) analysis is typically confined to the four corners of the complaint, the Court may also consider matters within the public record. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court takes judicial notice of the United States Census Bureau's 2010 population count for Bradley, Arkansas, for consideration

3

Arkansas law, only cities with a population of 2,500 or greater are allowed to form civil service commissions. *See* Ark. Code Ann. § 14-37-103(a)(2); Ark. Code Ann. § 14-49-101; Ark. Code Ann. § 14-50-101. Because Plaintiff held public elective office and was not subject to any civil service laws, the Court finds that she was not an "employee" of a city, as that term is defined for purposes of the FLSA. Thus she, is not entitled to FLSA minimum wage protections.

Accordingly, the Court finds that Plaintiff's FLSA claim should be dismissed.[2]

## II. Supplemental Jurisdiction

Because the Court has found that Plaintiff's FLSA should be dismissed, it now must decide whether to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

A court may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In other words, the Court maintains discretion to either dismiss or remand the state claims or keep them in federal court. *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).

To be clear, this Court certainly has the power to exercise jurisdiction over Plaintiff's remaining state claims even though the federal claims have been resolved. *See Osborn v. Haley*, 549 U.S. 225, 245 (2007). However, the question is whether the Court should exercise that power in this case. When determining whether to exercise supplemental jurisdiction, the Court must consider factors such as judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006) (per curiam). In the Eighth Circuit, the preference is for a court to decline to exercise supplemental jurisdiction when all federal claims have been eliminated before trial. *Johnson v. City*

---

in this order. *2010 Census Summary Bradley, Arkansas*, United States Census Bureau, https://factfinder.census.gov/faces/tableservices/jsf/pages/productview.xhtml?src=bkmk (last visited Feb 12, 2020).

[2] Plaintiff offers no argument in support of her FLSA claim. Rather, Plaintiff devotes the entirety of her response to arguing that the Court should exercise supplemental jurisdiction over her state-law claims.

*of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Cohill*, 484 U.S. at 350 n.7); *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).

In this case, the Court's original jurisdiction is based on a federal question presented by Plaintiff's FLSA claim. However, as discussed above, the Court has found that the FLSA claim should and will be dismissed. Plaintiff's remaining AMWA, breach of contract, unjust enrichment, and promissory estoppel claims do not involve a federal question but, rather, depend on the Court's exercise of supplemental jurisdiction and determinations of state law. Under these circumstances, the Court finds that it would be inappropriate to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 785 (8th Cir. 1985) (stating that exercising supplemental jurisdiction is likely improper when dealing with state-law claims that could have been asserted on their own without raising any theory of recovery under federal law).

Accordingly, the Court finds that Plaintiff's AMWA, breach of contract, unjust enrichment, and promissory estoppel claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court that Defendant's Motion to Dismiss (ECF No. 10) should be and hereby is **GRANTED**. Accordingly, this case is **DISMISSED WITHOUT PREDJUDICE**.

**IT IS SO ORDERED**, this 13th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge